# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 16-1123;16-1166 – Simply Wireless, Inc. v. T-Mobile US, Inc., et al. |
| **Originating No. & Caption** | 1:15-cv-01390 – Simply Wireless, Inc., v. T-Mobile US, Inc. et al. |
| **Originating Court/Agency** | U.S.D.C. for the Eastern District of Virginia (Alexandria) |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 9 U.S.C. § 16; 28 U.S.C. § 1291 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | 1/19/2016 |
| Date notice of appeal or petition for review filed | 2/01/2016 |
| If cross appeal, date first appeal filed | N/A |
| Date of filing any post-judgment motion | N/A |
| Date order entered disposing of any post-judgment motion | N/A |
| Date of filing any motion to extend appeal period | N/A |
| Time for filing appeal extended to | N/A |
| Is appeal from final judgment or order? | ◉ Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handing Requrements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutonality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See Attachment A. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Does an expired contract containing an arbitration clause require a party to arbitrate a claim which does not arise out of or relate to the expired contract and is not governed or resolved by the expired contract.<br><br>2. Can a party enforce an expired arbitration clause after implicitly conceding and/or waiving any right to arbitrate.<br><br>3. Is an expired arbitration clause enforceable and/or appropriate when arbitration cannot provide the relief sought.<br><br>4. Can litigation be dismissed in favor of arbitration without the requested/required jury trial under 9 U.S.C. § 4 when the alleged failure, neglect, and/or refusal to perform under a purported arbitration clause is in dispute. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) | |
|---|---|
| Adverse Party: T-Mobile US, Inc, f/k/a T-Mobile USA, Incorporated; T-Mobile USA, Incorporated<br>Attorney: Charles Bennett Molster, III<br>Address: WINSTON & STRAWN LLP<br>1700 K St NW<br>Washington, DC 20006<br><br>E-mail: cmolster@winston.com<br>Phone: (202) 282-5000 | Adverse Party: T-Mobile US, Inc, f/k/a T-Mobile USA, Incorporated; T-Mobile USA, Incorporated<br>Attorney: Ellisen Shelton Turner (admitted pro hac vice)<br>Address: IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br><br>E-mail: eturner@irell.com<br>Phone: (310) 277-1010 |
| **Adverse Parties (continued)** | |
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Simply Wireless, Inc.<br><br>Attorney: Sean Patrick Roche, Esq.<br>Address: Cameron/McEvoy, PLLC<br>4100 Monument Corner Drive, Suite 420<br>Fairfax, Virginia 22030<br><br>E-mail: sroche@cameronmcevoy.com<br><br>Phone: 703.273.8898 | Name: Simply Wireless, Inc.<br><br>Attorney: Robert Allen Rowan<br>Address: Nixon & Vanderhye PC<br>901 N Glebe Rd, Suite 1100<br>Arlington, Virginia 22203<br><br>E-mail: rar@nixonvan.com<br><br>Phone: 703.816.4000 |

| **Appellant (continued)** ||
|---|---|
| Name: Simply Wireless, Inc.<br><br>Attorney: Sheryl Lee De Luca<br>Address: Nixon & Vanderhye PC<br>901 N Glebe Rd, Suite 1100<br>Arlington, Virginia 22203<br><br>E-mail: sls@nixonvan.com<br><br>Phone: 703.816.4000 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Sean Patrick Roche (VSB No. 71412)     **Date:** 2/22/2016

**Counsel for:** Simply Wireless, Inc., Appellant

**Certificate of Service**: I certify that on February 22, 2016 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Charles Bennett Molster, III<br>WINSTON & STRAWN LLP<br>1700 K St NW<br>Washington, DC 20006 | Ellisen Shelton Turner (admitted pro hac vice)<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067 |

**Signature:** /s/ Sean Roche (VSB No. 71412)     **Date:** 2/22/2016

## ATTACHMENT A

## NATURE OF THE CASE
Case No. 16-1123 (consolidated with: 16-1166)

This case involves an appeal from the Order entered on January 19, 2016 by the United States District Court for the Eastern District of Virginia (District Court Case No. 1:15-cv-01390-CMH-JFA), granting Appellees T-Mobile US, Inc., f/k/a T-Mobile USA, Incorporated and T-Mobile USA Incorporated's (collectively "T-Mobile" or "Appellees") Motion to Dismiss the Complaint of Simply Wireless, Inc. ("Simply Wireless" or "Appellant"). The subject of the proceedings before the District Court was a trademark claim involving T-Mobile's infringement, dilution, and misappropriation of certain trademarks owned by Simply Wireless.

Simply Wireless is a family-owned and family built Virginia corporation engaged in the telecommunication business, primarily in the sale and distribution of mobile phones and accessories for all of the major telecommunication carries. T-Mobile is a Washington (state) based Delaware corporation also engaged in the telecommunication business, in many ways competing with Simply Wireless. T-Mobile is one of the four largest telecommunication carriers in the United States and one of the largest in the world.

Simply Wireless is the registered owner of various trademarks using the term "simply" in addition to various other trademarks it owns as a matter of law due to its prior use. Simply Wireless has used various trademarks with some use of "simply" consistently since 1997. In conversations with opposing counsel in an effort to resolve the Motion to Dismiss, T-Mobile even referred to Simply Wireless as the "Simply Team" and the "Simply Guys." Simply Wireless, historically, has been referred to by T-Mobile as: Simply, the Simply Team, the Simply Guys, or some combination thereof. The ultimate trademark owned by Simply Wireless that makes up the heart of the pending dispute is "Simply Prepaid" and T-Mobile's infringement/misappropriation of that mark. Simply Wireless has used the Simply Prepaid trademark since 2002. The Simply Prepaid trademark is even proudly and prominently displayed, and has been for years, on the large front desk visible to any visitor in the entryway of the Simply Wireless Headquarters in Virginia.

Simply Wireless and T-Mobile have been engaged in business throughout the entire time that Simply Wireless has used the Simply Prepaid trademark, most substantially during the time periods of 2003 to 2009 and 2012 to June 30, 2015. During the course of the nearly 20-year business relationship, the parties have executed hundreds, if not thousands, of legal documents, including purchase orders, formal contracts, and other documents containing legal terms and obligations. Some of those legal documents over course of the 20-year relationship have included arbitration clauses, others have selected exclusive jurisdiction of disputes to state/federal courts of specific jurisdictions, and others have left dispute resolution unresolved. Of the many different irrelevant legal documents, all expired as of the filing of the pending lawsuit, T-Mobile selected the one containing an arbitration clause in order to escape litigation.

Moreover, prior to seeking relief from the District Court, the parties were engaged in proceedings before the United States Patent and Trademark Office's Trademark Trial and Appeal Board involving the identical claims by Simply Wireless. Despite an obligation under TTAB procedure for T-Mobile to consider the appropriateness and applicability of arbitration in the initial stages of that proceeding, T-Mobile neither indicated the applicability of arbitration nor

091974 - v1                                                  1

## **ATTACHMENT A**

did it disclose a belief that an expired arbitration clause in one of the many contracts between the parties required arbitration of the present dispute. Instead, T-Mobile allowed months to pass, all the while engaging in substantial discovery. Only after these same claims were brought before the District Court did T-Mobile belatedly allege the existence of an arbitration clause. Notably, the contract T-Mobile invoked to maneuver into arbitration contained a nominal protection against violations of T-Mobile's trademarks; however, no reciprocal protection was granted to Simply Wireless that may relate that contract to the present dispute involving T-Mobile's violation of the trademarks of Simply Wireless. No counterclaim was ever filed by T-Mobile alleging trademark violations. In essence then, the District Court's dismissal of the present claims in favor of arbitration has the practical effect of a summary judgment ruling in T-Mobile's favor without the presentation of any facts, evidence, or testimony, effectively concluding that the Complaint filed by Simply Wireless alleging trademark violations in fact constituted a violation of T-Mobile's trademarks and thereby "related" the present claim to an expired contract containing an arbitration clause. In sum, despite filing as a Plaintiff, Simply Wireless found its claims dismissed on the basis of an expired contract under a ruling which effectively reclassified Simply Wireless as the Defendant and then resolved that reclassified fact pattern in T-Mobile's favor without the presentation of any evidence. Undeniably, there is no contract between or involving the parties which relates to T-Mobile's misuse of Appellant's trademarks. No such contract exists. No contract resolves the pending dispute as to whether T-Mobile's infringement of Appellant's trademarks is authorized or permitted. No contract term need be invoked or reviewed in resolving the pending dispute by Simply Wireless. There is no breach of contract claim present in the pending claim nor is such a claim possible given the lack of any relevant contract. The dismissal in favor of T-Mobile was, respectfully, reversible error. It denied Simply Wireless the ability to present its claims and its evidence to a jury of its peers as it was entitled to do. The finding of the District Court should be reversed, remanded, and corrected by this Honorable Court.